United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MURAD REED,<br><br>        Plaintiff,<br><br>    v.<br><br>CLEAR RECON CORP., and<br>CITIMORTGAGE, INC. erroneously sued as CITIBANK, N.A.,<br><br>        Defendants. | Case No. 18-cv-07715-LB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART CITIBANK, N.A.'S MOTION TO DISMISS**<br><br>Re: ECF No. 39 |

## INTRODUCTION

In 2018, the plaintiff Murad Reed, who is proceeding pro se, defaulted on a mortgage loan, and the loan servicer, CitiMortgage, Inc., initiated foreclosure proceedings by recording a Notice of Default and a Notice of Trustee's Sale.[1] The plaintiff sued Citibank, N.A., claiming in part that Citibank filed the Notice of Default without contacting him to explore alternatives to foreclosure at least 30 days before filing the Notice, in violation of the California Homeowner Bill of Rights ("HBOR").[2] CitiMortgage (saying that it was sued erroneously as Citibank) removed the case to

---

[1] First Amended Complaint ("FAC") – ECF No. 38 at 4–5 (¶¶ 15–17). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] FAC – ECF No. 38 at 5 (¶ 17).

ORDER – No. 18-cv-07715-LB

federal court and moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that (1) there was no HBOR violation because the plaintiff's loan modifications in 2010 and 2014 showed his knowledge of his loan-modification options in 2018, and (2) the plaintiff did not plausibly plead his remaining claims.[3] The court denied the motion to dismiss the HBOR claim (and claims predicated on it) and dismissed the other claims, some with prejudice and others with leave to amend.[4] The plaintiff filed an amended complaint, and Citibank (not CitiMortgage) moved to dismiss it because the plaintiff (1) named Citibank as the defendant (requiring dismissal of all claims) and (2) did not cure the deficiencies in his complaint for the non-HBOR claims.[5] The court can decide the motion without oral argument under Civil Local Rule 7-1(b).[6] The court denies the motion to dismiss on ground 1 (leaving the HBOR claims) and grants the motion to dismiss the non-HBOR claims with prejudice.

## STATEMENT[7]

In October 2006, the plaintiff bought a home in Oakland, California, with a $405,000 loan from Argent Mortgage Company, secured by a first deed of trust on the property.[8] The deed was assigned initially to Mortgage Electronic Registration Systems, Inc. (MERS) and then to CitiMortgage.[9] The plaintiff defaulted on the loan and received a permanent loan modification

---

[3] Notice of Removal – ECF No. 1; Mot. – ECF No. 11.

[4] Order – ECF No. 34 at 2.

[5] FAC – ECF No. 39; Mot. – ECF No. 39.

[6] All parties, including nominal defendant Clear Recon Corp., consented to the undersigned's jurisdiction. Consent Forms – ECF Nos. 10, 19, 22; Notice of Removal – ECF No. 1 at 5 (¶ 11).

[7] The facts are from the allegations in the first amended complaint, documents attached to the complaint, and documents submitted by Citi in its declarations attached to the prior motion to dismiss and in its request for judicial notice. The court considers the loan documents under the incorporation-by-reference doctrine and takes judicial notice of the public records. *Knievel v. ESPN,* 393 F.3d 1068, 1076–77 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

[8] FAC – ECF No. 38 at 2–3 (¶ 3), 4–5 (¶ 15); Deed of Trust, Ex. 1 to RJN– ECF No. 12 at 6–24; Grant Deed, Ex. 2 to RJN – ECF No. 12 at 26–27.

[9] Assignments of Deeds of Trusts, Exs. 3–6 to RJN – ECF No. 12 at 29–38. In 2014, the deed of trust was assigned to Citigroup Mortgage Loan Trust, Inc. Asset-Backed Pass-Through Certificates, Series

from CitiMortgage in 2010.[10] He defaulted again, and a Notice of Default was recorded on December 15, 2014.[11] In 2015, CitiMortgage approved a second loan modification under the Home Affordable Modification Program and rescinded the 2014 Notice of Default.[12]

The plaintiff defaulted again.[13] On March 15, 2018, Clear Recon Corp. recorded a Notice of Default, and on August 9, 2018, it recorded a Notice of Trustee's Sale.[14] The property has not been sold.[15]

The plaintiff alleges that "[t]he Notice of Default is false in that[] it fails to properly credit Plaintiff for the payments that Plaintiff made toward the mortgage and therefore overstates the amount of the plaintiff's default if any."[16] The Notice of Trustee's Sale similarly is "false" because it does not credit him for payments that he made and thus overstates the amount of his default.[17] The Notice of Default "is defected and is of no force and effect because, in spite of their declaration, prior to recording the notice of default, neither the loan servicer nor the lender contacted Plaintiff in person or by telephone to discuss options of avoiding foreclosure as required by the California Homeowner Bill of Rights."[18] The assignments of the mortgage note and deed of trust were defective, "resulting in imperfect security interests and claims."[19]

---

2007-AMC2, U.S. Bank National Association as trustee, the current beneficiary. Assignment, Ex. 7 to RJN – ECF No. 12 at 39–40.

[10] Modification Agreement, Ex. A to Dempsey Decl. – ECF No. 11-1 at 5–10.

[11] Notice of Default, Ex. 8 to RJN – ECF No. 12 at 42–45.

[12] HAMP Modification Agreement, Ex. B to Dempsey Decl. – ECF No. 11-1 at 12–25; Notice of Rescission, Ex. 9 to RJN – ECF No. 12 at 47.

[13] Mot. – ECF No. 11 at 9; Compl. – ECF No. 1 at 14 (¶ 16).

[14] Mot. – ECF No. 39 at 9; FAC – ECF No. 38 at 5 (¶¶ 16–17); Notice of Default, Ex. B to FAC – ECF No. 38 at 53–57 *and* Ex. 10 to RJN – ECF No. 12 at 49–51; Notice of Trustee's Sale, Ex. C to FAC – ECF No. 38 at 56–57 *and* Ex. 11 to RJN – ECF No. 12 at 54–55.

[15] Mot. – ECF No. 39 at 9.

[16] FAC – ECF No. 38 at 5 (¶ 16).

[17] *Id.* (¶ 17).

[18] *Id.*

[19] *Id.*

The plaintiff filed his complaint in state court, and CitiMortgage removed it to federal court based on diversity jurisdiction and moved to dismiss it for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[20] The court denied the motion to dismiss the HBOR claim because, while a borrower's knowledge of loan-modification options can mean that a violation of HBOR is not material, *Foote v. Wells Fargo Bank, N.S.,* No. 15-CV-04465-EMC, 2016 WL 2851627, at *5–6 (N.D. Cal. May 16, 2016), no case supports the conclusion as a matter of law that a borrower's compliance with HBOR is excused because years earlier, a borrower obtained a loan modification. Instead, the cases finding non-material violations all involve ongoing loan-modification efforts.[21] *See, e.g.*, *id.* The court granted the motion to dismiss the non-HBOR claims for cancellation of instruments, negligence, constructive fraud, intentional infliction of emotional distress, declaratory relief, and a violation of § 17200 and gave leave to amend.[22]

The plaintiff filed an amended complaint.[23] The complaint has 10 claims:

**(1)** a violation of HBOR based on Citibank's failure to (a) contact the plaintiff 30 days before recording the Notice of Default to discuss options for avoiding foreclosure, (b) notify him of his right to request a meeting in 14 days or provide him with a toll-free number to locate a HUD-certified counseling agency, and (c) notify him of his options for applying for a foreclosure alternative;

**(2)** a violation of Cal. Civ. Code § 2923.5 by failing to give him notice and options to avoid foreclosure (essentially, the same claim as claim 1);

**(3)** cancellation of instruments (the Notice of Default and the Notice of Trustee's Sale) on the ground that they are invalid because (a) they fail to credit payments and overstate his default, (b) Citibank did not contact him 30 days before recording the Notice of Default to discuss foreclosure

---

[20] Notice of Removal – ECF No. 1 at 1–8; Mot. – ECF No. 11.

[21] Amend. Order – ECF No. 34 at 2.

[22] *Id.* The court also dismissed the plaintiff's slander-of-title claim with prejudice because the plaintiff could not cure the claim's deficiencies and dismissed the plaintiff's claims for HBOR treble damages and injunctive relief because they were not stand-alone claims but instead were remedies. *Id.* at 18–19.

[23] FAC – ECF No. 38.

options, in violation of HBOR, and (c) Citibank cannot show proper assignment of his note and trust, resulting in an imperfect security interest;

**(4)** negligence based on Citibank's (a) failure to maintain accurate loan records that reflected the payments that the plaintiff made, (b) breach of its duty ensure that it did not defraud him, and (c) foreclosure without legal authority and proper documentation;

**(5)** constructive fraud based on the recording of false and fraudulent real-estate documents (meaning, the Notice of Default and Notice of Trustee's Sale);

**(6)** intentional infliction of emotional distress based on Citibank's foreclosure proceedings;

**(7)** quiet title to enjoin Citibank from asserting any adverse claim to the plaintiff's property interest;

**(8)** declaratory relief regarding the validity of the assignments of the deeds of trust, the validity of the Notice of Default, and the parties' property interests;

**(9)** a violation of California's unfair competition law, Cal. Bus. & Prof. Code § 17200, based on Citibank's deceptive business practices of (a) improperly characterizing his accounts as in default, (b) misapplying his payments, (c) failing to provide him with adequate monthly statement information, (d) instituting improper or premature foreclosure proceedings, (e) collecting improper costs that are not legally due under the mortgage or California law, (f) charging him late fees for late payments (after failing to credit his actual payment), (g) failing to disclose the fees allowable under the mortgage contract, (h) ignoring grace periods, (i) executing and recording false and misleading documents, and (j) acting as beneficiaries and trustees without the legal authority to do so; and

**(10)** injunctive relief to prevent foreclosure.[24]

---

[24] *Id.* at 6–29 (¶¶ 20–127). The plaintiff seeks remand to the state court on the ground that there is no diversity jurisdiction, but — as the court held previously — there is diversity jurisdiction because the plaintiff is a citizen of California, CitiMortgage (which is incorporated New York and has its principal place of business in Missouri) is not, and the amount in controversy exceeds $75,000 because the loan balance is over $500,000. Notice of Removal – ECF No. 1 at 2–3 (¶¶ 5–7), 5 (¶ 13). Clear Recon Corp. is a nominal party. *Id.* at 5 (¶ 11).

Citibank moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(1).[25] The plaintiff opposed the motion.[26]

## STANDARD OF REVIEW

### 1. Rule 12(b)(6) Standard for Motions to Dismiss

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which when accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).

---

[25] Mot. – ECF No. 39.

[26] Opp. – ECF No. 43.

ORDER – No. 18-cv-07715-LB 6

If a court dismisses a complaint, it must give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

2. **Rule 9(b) Standard for Pleading Fraud**

"In alleging fraud . . ., a party must state with particularity the circumstances constituting fraud. . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). This means that "[a]verments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003). Like the basic "notice pleading" demands of Rule 8, a driving concern of Rule 9(b) is that defendants be given fair notice of the charges against them. *In re Lui*, 646 Fed. App'x 571, 573 (9th Cir. 2016) ("Rule 9(b) demands that allegations of fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.") (quotation omitted); *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (Rule 9(b) requires particularity "so that the defendant can prepare an adequate answer").

3. **Pro Se Pleadings**

"The Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants. It is settled that the allegations [in a pro se complaint,] however inartfully pleaded[,] are held to less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) (internal citations and quotations omitted); *see Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

**ANALYSIS**

Citibank contends that the court should dismiss the complaint for two reasons: (1) all claims fail, including the HBOR claims that the court let stand previously, because the plaintiff sued Citibank despite knowing that the proper defendant is CitiMortgage, and (2) the plaintiff did not cure the deficiencies that the court identified when it dismissed the non-HBOR claims with leave to amend.[27] The court denies the motion to dismiss on ground 1, which leaves the HBOR claims in place, and grants the motion to dismiss on ground 2, with prejudice and without leave to amend.

**1. Failure to Name CitiMortgage**

In his original and amended complaints, the plaintiff named Citibank, not CitiMortgage, as the defendant.[28] CitiMortgage removed the case, noting that it was "erroneously sued as Citibank, N.A."[29] In its motion to dismiss, citing loan documents showing CitiMortgage as the loan servicer, CitiMortgage moved to dismiss the complaint under Rule 12(b)(6), noting at the end of the motion that it was the proper defendant, not Citibank.[30] After the plaintiff filed the amended complaint, Citibank (not CitiMortgage) moved to dismiss all claims on the ground that the plaintiff named Citibank, not CitiMortgage.[31] The court denies the motion to dismiss on this ground.

As discussed in the Standard of Review, the court construes pro se pleadings liberally. *Eldridge*, 832 F.2d at 1137. Also, if a court dismisses a complaint for failure to state a claim, it must give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *Cook*, 911 F.2d at 247.

Here, the court did not understand CitiMortgage's statement — that it, not Citibank, was the proper defendant — to be an argument for dismissal for failure to name the proper defendant and

---

[27] Mot. – ECF No. 39 at 9.

[28] Compl. – ECF No. 1; FAC – ECF No. 38.

[29] Notice of Removal – ECF No. 1.

[30] Mot. to Dismiss – ECF No. 11 at 21; *see* Ex. A to Compl. – ECF No. 1 at 40; Exs. A & B to Dempsey Decl. – ECF No. 11-1 at 5–25; Exs. 5–7 to RJN – ECF No. 4 at 33–40.

[31] *Id.*

ORDER – No. 18-cv-07715-LB           8

instead read it as merely as a statement of fact. In any event, it did not order the plaintiff to amend to name CitiMortgage instead of Citibank. There is no utility in ordering amendment now. Instead, liberally construing the complaint, the documents attached to it, and the documents that the court has judicially noticed, the court construes the complaint to be against CitiMortgage.[32] *See Munoz v. United States*, No. 10cv1003-MMA (NLS), 2011 WL 7146176, at *1 (S.D. Cal. Oct. 24, 2011) (rejecting the defendant's argument that the pro se plaintiff's naming the United States of America, and not the Commissioner of the Social Security Administration, required dismissal of the case; the court instead liberally construed the complaint as naming the proper defendant) (collecting cases). Like the defendants in *Munoz* and the cases it collects, there is no prejudice to CitiMortgage. The docket already reflects that CitiMortgage is the defendant and that it was erroneously sued as Citibank.

Because the court denies the motion to dismiss on this ground, the HBOR claims stand for the reasons set forth in the court's earlier order.[33]

## 2. Dismissal of Non-HBOR Claims

The plaintiff did not address the deficiencies that the court identified in its earlier order for the remaining, non-HBOR claims.[34] The plaintiff's new allegations — about performing his loan obligations, tender, the defendant's exceeding the scope of lending activity, and the duty of care — are conclusory and do not change the court's previous analysis.[35] Because the court previously gave leave to amend, and the plaintiff did not cure the deficiencies, the court dismisses the non-HBOR claims with prejudice.

## CONCLUSION

The court denies the motion to dismiss the HBOR claim and (to the extent that they are predicated on the HBOR claim, the § 17200 claim and the claim for declaratory relief). For the

---

[32] The plaintiff refers to CitiMortgage as a defendant. *See, e.g.,* Opp. – ECF No. 44 at 1.
[33] Order – ECF No. 34 at 8–11.
[34] *Id.* at 18.
[35] *See* FAC – ECF No. 38 at 13 (¶ 46), 14 (¶ 49), 15 (¶¶ 54–55), and 16 (¶ 61).

ORDER – No. 18-cv-07715-LB    9

reasons set forth in its earlier order dismissing the non-HBOR claims with leave to amend, the court grants the motion to dismiss the non-HBOR claims and dismisses the claims for cancellation of instruments, quiet title, negligence, constructive fraud, intentional infliction of emotional distress, declaratory relief (to the extent that it is predicated on the non-HBOR claims), and a violation of § 17200 (to the extent that it is predicated on the non-HBOR claims). The dismissal is with prejudice.

Going forward, the court is amenable to an early summary-judgment motion on the issue of whether the HBOR violation was material.

This disposes of ECF No. 39.

**IT IS SO ORDERED.**

Dated: May 9, 2019

LAUREL BEELER
United States Magistrate Judge