UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MURAD REED, | Case No. 18-cv-07715-LB |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE** |
| CLEAR RECON CORP, and CITIMORTGAGE, INC., erroneously sued as CITIBANK, N.A., et al., | |
| Defendants. | |

## INTRODUCTION

In 2018, the plaintiff Murad Reed, who is proceeding pro se, defaulted on a mortgage loan, and the loan servicer, CitiMortgage, Inc., initiated foreclosure proceedings.[1] The plaintiff sued Citibank, N.A., alleging violations of the California Homeowner Bill of Rights ("HBOR") and several tort claims.[2] The court granted in part and denied in part CitiMortgage's motion to dismiss the initial complaint and dismissed the non-HBOR claims, and the plaintiff filed an amended

---

[1] First Amended Complaint ("FAC") – ECF No. 38. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents. All parties, including nominal defendant Clear Recon. Corp., have consented to the undersigned's jurisdiction. Consent Forms – ECF Nos. 10, 19, & 22.

[2] FAC – ECF No. 38 at 1.

ORDER – No. 18-cv-07715-LB

1 complaint.[3] On May 5, 2019, the court again denied in part and granted in part CitiMortgage's motion to dismiss the plaintiff's first amended complaint, dismissed the non-HBOR claims with prejudice, and let the HBOR claims stand.[4] CitiMortgage then answered the complaint.[5]

The plaintiff did not appear at the hearing on the defendant's first motion to dismiss or at the initial case-management conference on June 20, 2019. The court now orders the plaintiff to appear in person on July 18, 2019 at 11:00 a.m. to show cause why his lawsuit should not be dismissed for his failure to prosecute it.

## ANALYSIS

"Rule 41(b) specifically provides that the failure of the plaintiff to prosecute his claims is grounds for involuntary dismissal of the action. The courts have read this rule to require prosecution with 'reasonable diligence' if plaintiff is to avoid dismissal." *Anderson v. Air W., Inc.,* 542 F.2d 522, 524 (9th Cir. 1976) (citing *Ballew v. S. Pac. Co.*, 428 F.2d 787 (9th Cir. 1970)). "This court has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Id.* (internal citation omitted). "The law presumes injury from unreasonable delay." *Id.* (citing *States Steamship Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970)). "However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion." *Id.* (citing *Reizakis v. Loy*, 490 F.2d 1132 (4th Cir. 1974)).

The Ninth Circuit has "constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their

---

[3] Order – ECF No. 34 at 19; FAC – ECF No. 38.

[4] Order – ECF No. 45 at 9–10.

[5] Answer – ECF No. 46.

1  merits; and (5) the availability of less drastic sanctions.'" *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (setting forth five-factor test of *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)). "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Id.* (citing *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). The Ninth Circuit applies the same five-factor standard considered in Federal Rule of Civil Procedure 37(d) to motions brought under Rule 41(b). *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 987 (9th Cir. 1999).

"A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe. . . . Only 'willfulness, bad faith, and fault' justify terminating sanctions." " *Connecticut General*, 482 F.3d at 1096 (citing *Jorgensen*, 320 F.3d at 912).

Before ordering a terminating sanction, a court must warn the plaintiff and try other sanctions first. For example, a district court's failure to warn a party that dismissal is being considered as a sanction weighs heavily against the sanction. *U.S. ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 605 (9th Cir. 1988). Although "[a]n explicit warning is not always required, at least in a case involving 'egregious circumstances,'" "[i]n other circumstances, the failure to warn may place the district court's order in serious jeopardy." *Id.* (citing *Malone*, 833 F.2d at 132–33). Indeed, "'[f]ailure to warn has frequently been a contributing factor in [Ninth Circuit] decisions to reverse orders of dismissal.'" *Id.* (quoting *Malone*, 833 F.2d at 133).

**ORDER TO SHOW CAUSE**

The plaintiff did not appear at the motions hearing on March 7, 2019 (though he subsequently filed an amended complaint) or the case-management conference on June 20, 2019. At the June 20 case-management conference, the defendant represented that the plaintiff told him that he was no longer interested in prosecuting the case (apparently because the servicing of his loan has been transferred). Given these circumstances, the court orders the parties to file a written update by July 11, 2019 that includes the plaintiff's position on whether he wants to pursue this lawsuit. The

court also orders the plaintiff to appear in person on July 18, 2019, at 11:00 a.m. at 450 Golden Gate Avenue, 15th Floor, Courtroom B, San Francisco, California, to show cause why the court should not dismiss his case for his failure to prosecute it. If the plaintiff does not file the written update or appear, the court warns him that he faces sanctions, including monetary sanctions and, ultimately, dismissal of his case for his failure to prosecute it and entry of judgment in favor of the defendant. The plaintiff may also voluntarily dismiss his case by filing a one-page notice of voluntary dismissal.

**IT IS SO ORDERED.**

Dated: June 24, 2019

LAUREL BEELER
United States Magistrate Judge